## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1187


**GILBERT MAYO, ET AL.**

**VERSUS**

**JAMES P. DOHERTY, JR., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-C-2554-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## OSWALD A. DECUIR
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Michael G. Sullivan, Judges.


**AFFIRMED.**

Alex L. Andrus III
Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Defendant/Appellee:
    James Paul Doherty, Jr.

Bruce A. Gaudin
Attorney at Law
100 W. Bellevue Street
Opelousas, LA 70570
(337) 948-3818
Counsel for Defendant/Appellee:
    Successions of Edward Milburn
    and Virginia Hunt Milburn

**Aaron Harris**
**Harris and Harris**
**1015 N. Main Street**
**Opelousas, LA 70570**
**(337) 942-6788**
**Counsel for Defendants/Appellees:**
**Sandra S. Milburn**
**Charles W. Milburn**

**J. Arthur Smith III**
**Attorney at Law**
**830 North Street**
**Baton Rouge, LA 70802**
**(225) 383-7716**
**Counsel for Plaintiffs/Appellants:**
**Bertha Mayo Murphy**
**Emmaline Mayo Winford**
**Dennis Mayo**
**Belinda Potts**
**Donald Mayo**
**Laura Mayo**
**Carrie Mayo White Jones**
**Leitha Mayo Washington**
**Gilbert Mayo**

**DECUIR, Judge.**

The plaintiffs appeal the dismissal of their petition to annul the sale of immovable property after the defendants' peremptory exception of no cause of action was maintained. For the following reasons, we affirm.

The plaintiffs, Gilbert Mayo and eight others, are heirs of Edward and Virginia Milburn. The defendants are the administrator of the Milburns' succession and two co-heirs who purchased the property at issue herein. The plaintiffs' petition alleges that the Milburns have been deceased more than fifty years and their children are also now deceased; the petition further alleges that all of the descendants of the Milburns and their children are heirs to their succession. The defendants estimate the number of heirs at over one hundred.

During the ongoing administration of the Succession of Edward Milburn and Virginia Hunt Milburn, the Administrator, James P. Doherty, Jr., petitioned the court for approval to sell a certain piece of immovable property to two co-heirs, Charles and Sandra Milburn. The plaintiffs refer to an act of sale dated August 25, 2000, evidencing the sale of the property for $32,000.00. The plaintiffs contend that because they did not receive actual notice of the impending sale, their due process rights were violated and the sale must be annulled. The plaintiffs' petition was filed nearly three years after the sale took place.

In response to the petition, the defendants filed three peremptory exceptions. The defendants first except to the non-joinder of indispensable parties. They argue that when an attempt is made to set aside the sale of land by a succession representative, all of the heirs of the decedent are indispensable parties because they all have an interest in the outcome of the case. The defendants next assert that the plaintiffs' petition fails to state a cause of action, as the pertinent articles of the Code of Civil Procedure, Articles 3281 and 3282, do not require actual notice for the

private sale of succession property. Finally, the defendants reference the plaintiffs' failure to notify the attorney general of their petition, in which the unconstitutionality of Article 3282 is alleged, in accordance with La.Code Civ.P. art. 1880.

The trial court maintained the exception of no cause of action and granted the plaintiffs fifteen days to amend their petition to state a cause of action. The remaining exceptions were dismissed as moot. When the plaintiffs failed to amend their petition as instructed, the suit was dismissed with prejudice and this appeal followed.

The plaintiffs argue due process requires that they, as heirs, receive actual notice of the sale of succession property. In support of this contention, the plaintiffs rely on *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 2712 (1983), which held: "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." The plaintiffs also cite the recent case of *Lewis v. Succession of Johnson,* 05-1192, p.15 (La. 4/4/06), 925 So.2d 1172, 1181, which explained that "each co-owner is entitled to individual written notice of delinquent taxes because alienation by tax sale of immovable property, owned in indivision, without notice to each co-owner deprives the owners of due process."

The cases cited by the plaintiffs involve tax sales and the resulting loss of property. This is not such a case. What distinguishes this dispute from the cases cited by the plaintiffs is the simple fact that the private sale of succession property to Charles and Sandra Milburn did not adversely affect or in any way alienate the property interests of the plaintiffs. Their interest in the subject property was simply

2

converted to cash, i.e., a portion of the $32,000.00 sale price. The defendants observe that the administrator acted under court supervision at the time he sold the property in question and that he was subject to a court order setting the minimum price for the sale. Accordingly, the plaintiffs' interest, indeed the interest of all the heirs, was protected, as the administrator worked to manage the property of the succession in accordance with all legal requirements.

The plaintiffs do not allege that the administrator failed to comply with the requirements for a private sale. They do not allege that a petition was not properly filed which set forth the proposed price, conditions, and reasons for the sale, in accordance with La.Code Civ.P. art. 3281. Nor do the plaintiffs assert that publication of notice of the petition for private sale was not carried out in accordance with La.Code Civ.P. art. 3282. What the plaintiffs do allege is that they have been deprived of their property without due process. To the contrary, the facts asserted in the petition defy this characterization and state no cause of action on which relief can be granted. The plaintiffs have not alleged that they have been deprived of their property. Consequently, the dismissal of the petition must be affirmed.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.

**AFFIRMED.**